UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re JAMES & AMY SCHANG,

   Debtors.

Bankruptcy Case No. 14-51178

HON. THOMAS J. TUCKER

JAMES & AMY SCHANG,

   Appellants / Debtors,

v.

MULLER, MULLER, RICHMOND,
HARMS & MYERS, P.C.,

   Appellee / Creditor.
_____/

Case No. 14-CV-14119

HON. MARK A. GOLDSMITH

**OPINION AND ORDER
AFFIRMING THE ORDER OF THE BANKRUPTCY COURT DENYING DEBTOR'S
MOTION FOR SANCTIONS**

### I.  INTRODUCTION

This is an appeal from an order of the United States Bankruptcy Court for the Eastern District of Michigan denying Debtors James and Amy Schang's motion for sanctions. See Notice of Appeal (Dkt. 1); Debtors' Br. in Support of Appeal (Dkt. 3). Appellee Muller, Muller, Richmond, Harms & Myers, P.C. ("Creditor") filed a response (Dkt. 5), and Debtors did not file a reply. Because the Court would not be aided by oral argument, the appeal will be decided based on the parties' briefing. See E.D. Mich. L.R. 7.1(f)(2). For the reasons explained fully below, the Court affirms the order of the Bankruptcy Court denying Debtors' motion for sanctions.

### II.  BACKGROUND

1

The pertinent background is straightforward and seemingly undisputed.[1] On July 6, 2014, Debtors filed a petition for Chapter 7 bankruptcy, in which they listed a debt to Nu-Way Truck Driving Center ("Nu-Way"), as Nu-Way had previously obtained a judgment in a Michigan state-court case against Debtors. See Debtors' Br. at 1 (Dkt. 3). Debtors set forth the proper name and address for Nu-Way in the creditor-mailing matrix. Id. On July 7, 2014, the official notice of the bankruptcy was mailed, and there were no bypassed recipients or bounced mail. Id.

On July 9, 2014, on behalf of Nu-Way, Creditor mailed a collection letter to Debtors, wherein Creditor sought from Debtors satisfaction of the judgment. Id. On August 6, 2014, Creditor sent Debtors a second collection letter with respect to payment of the judgment. Id.; see also 8/6/2014 Letter at 11 (cm/ecf page) (Dkt. 1). On August 13, 2014, Debtors filed a motion for sanctions against Creditor pursuant to 11 U.S.C. § 362, because Creditor had sent the August 6, 2014 collection letter to Debtors. See Debtors' Mot. at 7-9 (cm/ecf pages) (Dkt. 1).

On September 10, 2014, the Bankruptcy Court held a hearing on Debtors' motion for sanctions, and ultimately denied the motion. See 9/10/2014 Hr'g Tr. at 18 (cm/ecf page) (Dkt. 1); 9/10/2014 Order at 5 (cm/ecf page) (Dkt. 1). On January 22, 2015, a final decree was entered in Debtors' bankruptcy case, noting that the bankruptcy estate had been administered, and closed the case. Debtors now appeal the Bankruptcy Court's ruling denying their motion for sanctions.

### III. STANDARD OF REVIEW

In a bankruptcy appeal, the Court reviews the bankruptcy court's findings of fact under the clear-error standard, and its conclusion of law de novo. See B-Line, LLC v. Wingerter (In re

---

[1] Debtors provided the factual background of this case in their brief in support of their appeal (Dkt. 3), and there is no indication that Creditor disputes any of these background facts.

2

Wingerter), 594 F.3d 931, 935-936 (6th Cir. 2010). "A finding of fact is clearly erroneous when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Riverview Trenton R.R. Co. v. DSC, Ltd. (In re DSC, Ltd.), 486 F.3d 940, 944 (6th Cir. 2007) (quotation marks omitted).

The Court reviews the bankruptcy court's decision on whether to impose sanctions under the abuse-of-discretion standard. In re Wingerter, 594 F.3d at 936. "An abuse of discretion occurs where the reviewing court has a definite and firm conviction that the court below committed a clear error of judgment." Id. (quotation marks omitted). Put another way, "if reasonable persons could differ as to the issue, then there is no abuse of discretion." Id.; see also In re Airspect Air, Inc., 385 F.3d 915, 920 (6th Cir. 2004) ("An abuse of discretion occurs when the bankruptcy court relies upon clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard.").

## IV. ANALYSIS

Title 11 U.S.C. § 362 provides, in pertinent part, that the filing of a petition "under section 301, 302, or 303 of this title . . . operates as a stay" regarding the following: (i) "the commencement or continuation . . . to recover a claim against the debtor that arose before the commencement of the case under this title; (ii) "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title," and (iii) "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title[.]" 11 U.S.C. §§ 362(a)(1)-(2), (6). This provision provides the debtor with "a breathing spell and stops all collection efforts, all harassment, and all foreclosure actions." Pertuso v. Ford Motor Credit Co., 233 F.3d 417, 423

3

(6th Cir. 2000) (quotation marks omitted). Subsection 362(h) allows a debtor to remedy a "willful violation" of an automatic stay. Id.; 11 U.S.C. § 362(h). Importantly, a "willful violation of an automatic stay survives dismissal of the case in bankruptcy." In re Javens, 107 F.3d 359, 364 n.2 (6th Cir. 1997).

In this case, Debtors allege that Creditor violated the automatic stay by sending the August 6, 2014 collection letter. Debtors then sought sanctions for this violation, which the Bankruptcy Court denied. In their appeal, Debtors raise two arguments: (i) the Bankruptcy Court abused its discretion by ruling on an issue of credibility without holding an evidentiary hearing, and (ii) a creditor has the legal obligation, when it violates a previous automatic stay, to file an administrative order to stay the case. See Debtors' Br. at 2, 9. The Court considers each argument in turn.

### A. No Credibility Determination, Debtors' Failure to Mitigate Damages

First, Debtors argue that the Bankruptcy Court abused its discretion by ruling on an issue of credibility — i.e., the issue of when Creditor received notice of Debtors' bankruptcy — without holding an evidentiary hearing. See Debtors' Br. at 2. The Court finds no basis for this claim.

During the hearing on Debtors' motion for sanctions, the Bankruptcy Court explicitly stated that it was not making a decision on whether Creditor had received notice of the bankruptcy filing prior to sending the August 6, 2014 letter:

> I don't think I need to resolve that apparent factual dispute, factual issue though, in order to resolve the remainder of this motion, and the reason for that is because the [D]ebtors failed to make any effort after the July 9 letter was received by them from [Creditor], to mitigate their damages from the alleged violation of the automatic stay. Had they done so, had they taken any effort really, minimal effort, they could have, it appears they could have in my view prevented the mailing of the August 6th letter entirely.

4

9/10/2014 Hr'g Tr. at 44 (cm/ecf page) (Dkt. 1). Thus, the Bankruptcy Court made no determination of credibility regarding notice to Creditor of Debtors' bankruptcy filing prior to August 6, 2014. As the transcript of the hearing makes clear, the Bankruptcy Court simply determined that neither Debtors nor their attorney took any steps to contact Creditor regarding Debtors' bankruptcy after Debtors received the July 9, 2014 collection letter. In other words, the Bankruptcy Court proceeded to frame the issue as one of whether Debtors mitigated their damages, and ultimately found that Debtors failed to do so. In their brief, Debtors contend that the Bankruptcy Court "misapplied the doctrine of mitigation of damages." Debtors' Br. at 5. This Court disagrees with Debtors and finds that case law supports the Bankruptcy Court's decision.

In order to recover for a stay violation, a debtor must establish that a violation occurred, the violation was committed willfully, and the violation caused actual damages. See 11 U.S.C. § 362(k); see also Archer v. Macomb Cty. Bank, 853 F.2d 497, 499 (6th Cir. 1988). The debtor bears the burden of demonstrating, "by at least a preponderance of the evidence, that the damages sought were actually suffered." In re Pawlowicz, 337 B.R. 640, 645-646 (Bankr. N.D. Ohio 2005). "A bankruptcy court's decision with respect to the amount of damages constitutes a factual finding, and, under Bankruptcy Rule 8013, [the reviewing court] may not upset such findings unless they are clearly erroneous." Archer, 853 F.2d at 499 (quotation marks omitted).

Given the frequency in which debtors file motions for contempt and/or for damages under section 362(h) for violations of automatic stays, debtors "have an obligation to attempt to mitigate damages prior to seeking court intervention." In re Oksentowicz, 324 B.R. 628, 630 (Bankr. E.D. Mich. 2005) (collecting cases) (emphasis added); see also In re Jean-Francois, 516 B.R. 699 (E.D.N.Y. 2014) ("[A] debtor is under a duty to exercise due diligence in protecting

and pursuing his or her rights and in mitigating any damages with regard to a creditor's violation of the automatic stay.").

In the present case, Debtors admit that no mitigation efforts were attempted after receiving the July 9, 2014 collection letter and/or the August 6, 2014 collection letter from Creditor.

> THE COURT: Now when the debtors received the July 9 letter and when the debtors received the August 6th letter, and when they first made you aware of these letters having been sent, did you contact the law firm?
>
> MR. DERN:[2] I did not.
>
> THE COURT: Phone call, letter, email - -
>
> MR. DERN: Nothing.

9/10/2014 Hr'g Tr. at 31 (cm/ecf page). Rather than making an attempt to contact Creditor regarding these letters, Debtors "just jumped into [filing the] motion [for sanctions]." Id. at 32 (cm/ecf page). In addition, when an attorney from Creditor's office contacted Debtors' counsel regarding the motion for sanctions, Debtors' counsel failed to make any attempt to mitigate and, instead, pursued the motion for sanctions before and during the September 10, 2014 hearing. See Id. at 32-33 (cm/ecf pages). As Debtors acknowledged, they suffered little to no damages:

> THE COURT: All right. Did you do anything else on behalf of the debtors to mitigate the debtor's damages from the stay violation?
>
> MR. DERN: The damages to the debtors is nominal, I admit, so there hasn't been any other damages or no reason to mitigate, other than we still have the case in Novi that's still open, which I still believe from the Koval

---

[2] Mr. Dern represented Debtors before the Bankruptcy Court and continues to represent Debtors with respect to the instant appeal.

> opinion that they should have closed this case already.

Id. at 33 (cm/ecf page).

In their brief, Debtors claim that, "at an absolute minimum[, they] had to pay to get to [their] counsel's law office." Debtors' Br. at 8. However, Debtors did not raise this item of damage at the hearing on the motion for sanctions. Moreover, where the sole damage to the debtors is the cost to litigate an alleged violation of section 362, and Debtors did not attempt to resolve the matter prior to filing a motion for sanctions, no recovery is permitted. See, e.g., In re Preston, 333 B.R. 346 (Bankr. M.D.N.C. 2005) (denying any damage award to the debtor "[b]ecause the only damages the Debtor sustained are those manufactured by the Debtor's counsel, which could have easily been mitigated") (collecting cases); Shadduck v. Rodolakis, 221 B.R. 573, 585 (D. Mass. 1998) ("[W]here the only damages to the debtor are the attorneys' fees related to bringing a contempt motion, courts have ruled that such damages are insufficient to satisfy the damages element of 11 U.S.C. § 362(h) unless the debtor attempts to resolve the dispute with the [creditor] prior to filing a motion for contempt and sanctions.").

Therefore, the Court concludes that the Bankruptcy Court did not abuse its discretion by denying Debtors' request for sanctions, and its findings of fact regarding Debtors' failure to mitigate and damages suffered were not clearly erroneous. This Court agrees with the Bankruptcy Court that Debtors' damages (if any) are minimal and relate to the filing of their sanctions motion, which could easily have been avoided had Debtors took any action to mitigate their damages.

      **B.**    **Creditor Was Not Required to Administratively Close State-Court Case**

Second, Debtors argue that a collection law firm or creditor has an affirmative duty to file an administrative closing of a state or federal court lawsuit upon receipt of notification of

debtor's bankruptcy filing, even if a judgment was previously obtained.  See Debtors' Br. at 9.  According to Debtors, "[t]he creditor had to take steps to reassure the debtors that it would take no further action to collect the debt as it did when it sent the second letter." Id.  And it is Debtors contention that "[t]he only adequate way to reassure the debtors that creditor would not take any further action would be for the creditor to file the administrative order staying the state court case." Id. at 12-13.

Here, it is undisputed that Creditor did not seek an administrative stay in the state-court case in which Nu-Way had obtained a judgment against Debtors.  But the Bankruptcy Court found that such an action was unnecessary, stating that "there is no duty in [its] view created by the automatic stay under Section 362(a)(1) or 362(a)['s] other provisions on the part of a creditor who has a judgment in a state court action to take affirmative steps to . . . cause the administrative closing of that state court action."  9/10/2014 Hr'g Tr. at 41 (cm/ecf page).  In Bankruptcy Court's opinion, "the duty imposed by the automatic stay is for the creditor to refrain from taking any action or effort in that state court lawsuit in that situation to try to enforce or collect the judgment that was entered before the bankruptcy was filed." Id. (emphasis added).  The Court agrees with the Bankruptcy Court's ultimate conclusion.

The Court recognizes that there is authority for the proposition that, in some circumstances, a creditor may be required to take an affirmative step to remedy a stay violation in order to restore a debtor to the status quo ante.  See, e.g., In re Banks, 253 B.R. 25, 31 (Bankr. E.D. Mich. 2000) ("A refusal or failure to take action may constitute an act within the scope of the automatic stay; thus, an entity which has violated the stay has an obligation to restore the status quo by undoing its previous action and preventing the continuation of the consequences of the stay violation.").  For instance, in cases cited by Debtors, the stay violation involved a

creditor that seized property or garnished the wages of the debtor; therefore, each court ruled that the debtor should be returned to the position he or she held prior to the violation of stay. See, e.g., In re Meis-Nachtrab, 190 B.R. 302 (Bankr. N.D. Ohio 1995) (failing to return money); In re Smith, 170 B.R. 111 (Bankr. N.D. Ohio 1994) (disconnecting phone line); In re Roberts, 175 B.R. 339 (9th Cir. BAP 1994) (withholding of wages); In re Fry, 122 B.R. 427 (Bankr. N.D. Okla. 1990) (failure to return seized mobile home). Nevertheless, Debtors fail to provide any authority suggesting that section 362 requires Creditor, in addition to ceasing any and all collection activity, to also administratively close the state-court case.

In this case, there was no garnishment or seizure of money or property. Nor was any further action required to put Debtors in the position they were prior to Creditor sending them the August 6, 2014 collection letter. As noted above, Debtors have suffered, at most, only nominal damages. Moreover, after receipt of the Debtors' motion for sanctions, Creditor ceased all communication with Debtors, as Debtors admitted:

> THE COURT: There were no further letters after the August 6th letter?
>
> MR. DERN: No, sir.
>
> THE COURT: Right?
>
> MR. DERN: Right.
>
> THE COURT: So they have stopped?
>
> MR. DERN: They have -- I believe they stopped. They haven't received anything.

9/10/2014 Hr'g Tr. at 33 (cm/ecf page).

Requiring Creditor to not only cease any collection efforts, but to also file an administrative order staying the state-court case, would go above and beyond restoring Debtors

9

"to the position [they] would have been in had the automatic stay been properly observed." In re Briskey, 258 B.R. 473, 480 (Bankr. M.D. Ala. 2001) ("For example, wages seized from a debtor after the date the petition should be promptly restored without waiting for an order from the bankruptcy court."). Such a requirement does more than return Debtors to the status quo ante. Therefore, the Court concludes that the Bankruptcy Court did not err in ruling that there was no legal duty for Creditor to file an administrative stay in the state-court action.

## V. CONCLUSION

On review, the Court finds no error in the Bankruptcy Court's ruling and certainly no abuse of discretion. For the reasons stated above, the Court affirms the Bankruptcy Court's denial of Debtors' motion for sanctions.

SO ORDERED.

Dated: May 28, 2015               s/Mark A. Goldsmith
       Detroit, Michigan          MARK A. GOLDSMITH
                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 28, 2015.

                                  s/Johnetta M. Curry-Williams
                                  Case Manager